IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Alisa Smith,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.** |
| v. | ) | |
| | ) | |
| **Credit Acceptance Corporation, a Michigan** | ) | |
| **Corporation; Unknown Repossession** | ) | |
| **Company, Individually, and as Agent,** | ) | |
| **Apparent Agent, Servant, and/or Employee** | ) | |
| **of Credit Acceptance Corporation; and** | ) | |
| **Unknown Repossession Agents,** | ) | |
| **Individually, and as Agents, Apparent** | ) | |
| **Agents, Servants, and/or Employees of** | ) | |
| **Unknown Repossession Company,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

## COMPLAINT AT LAW

**NOW COMES Plaintiff**, **Alisa Smith**, by her Attorneys, Robert J. Semrad & Associates, L.L.C., and pursuant to this Complaint at Law, state the following against the above named **Defendants**, to wit: **Credit Acceptance Corporation, Unknown Repossession Company, and Unknown Repossession Agents.**

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and this Court's supplementary jurisdiction powers. Venue is proper as the actions that give rise to this complaint occurred, **Plaintiffs** reside, and **Defendants** conduct business within this District.

## PARTIES

2. **Plaintiff, Alisa Smith** (hereinafter "**Alisa**")**,** is a natural person, a citizen of the City of DuPont, County of Pierce, State of Washington, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. **Defendant**, **Credit Acceptance Corporation,** (hereinafter "**CAC**") is a Michigan Corporation conducting business in the County of Cook, State of Illinois, and United States of America and is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4).

4. **Defendant, Unknown Repossession Company**, is corporate entity that conducts business in the Northern District of the State of Illinois, and United States of America and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. At all times relevant, **Defendant, Unknown Repossession Company**, was the agent, apparent agent, servant, and/or employee of **Defendant, CAC,** and was acting the due course and scope of said agency, servitude, and/or employment.

6. **Defendants, Unknown Repossession Agents**, are each natural persons who conduct business in the Northern District of the State of Illinois, and United States of America and are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. At all times relevant, **Defendants, Unknown Repossession Agents**, were the agents, apparent agents, servants, and/or employees of **Defendant, Unknown Repossession Company** and were each acting in the due course and scope of said agency, servitude, and/or employment.

## FACTUAL ALLEGATIONS

8. Prior to 2009, **Alisa** purchased a motor vehicle, to wit, a 2002 Hyundai Santa Fe, by taking out a consumer auto loan, secured by said vehicle.

9. Upon information and belief, said auto loan was sold or otherwise transferred to **CAC**.

10. In 2009, **Alisa** became delinquent on payments on said auto loan.

11. In November, 2009, **Alisa** resided in the Village of Antioch, County of Lake, State of Illinois.

12. In November, 2009, **Alisa** resided with her sister and brother-in-law, who owned the residence.

13. On November 20, 2009, an **Unknown Repossession Agent** approached **Alisa** outside of her residence and stated that she was there to take possession of said vehicle.

14. When **Alisa** indicated that she would like to speak to her attorneys about the matter, **Unknown Repossession Agent** called her alleged superior on her cell phone and handed it to **Alisa**.

15. Said alleged supervisor told **Alisa** that the county sheriff was going to be contacted, that charges would be filed against her, and that she would go to jail if she did not relinquish possession of the vehicle.

16. Thereafter, said **Unknown Repossession Agent** told **Alisa** that she knew someone **Alisa** could easily work with and with whom an agreement could be reached to bring the debt current and stop the repossession process, but that **Alisa** had twenty-four hours to work this out before she would be in legal trouble.

17. On November 21, 2009, a two **Unknown Repossession Agents** came to **Alisa's** residence while she was not present.

18. On said date, one of said **Unknown Repossession Agent** spoke to **Alisa's** brother-in-law, in front of the residence, and reiterated that **Alisa** would be arrested by the sheriff if she did not relinquish possession of said vehicle.

19. Upon briefly entering the residence, **Alisa's** brother-in-law heard a loud sound, returned to the front of the residence, and discovered that one **Unknown Repossession Agent** had kicked and dented the garage door.

20. On multiple occasions thereafter, in November 2009, while **Alisa** was at said residence, **Unknown Repossession Agents** came to said residence, banged loudly on the door and yelled such that the neighbors could hear them, in an effort to repossess said vehicle.

21. Due to said incidents with said **Unknown Repossession Agents**, **Alisa's** brother-in-law forced **Alisa** to move out of said residence.

22. As a direct and proximate result of the aforementioned actions, **Alisa** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

23. The aforementioned conduct by **Defendant CAC,** by and through its agent, apparent agent, servant, and/or employee, **Unknown Repossession Agency; Unknown Repossession Agency** by and through its agents, apparent agents, servants, and/or employees; and **Unknown Repossession Agents,** individually, and as agents, apparent agents, servants, and/or employees of **Unknown Repossession Agency,** constituted a "breach of the peace" in violation of 810 ILCS 5/9-609(b)(2).

24. As a result of said breach of the peace, **Defendants** did not have a present right to possession of the vehicle.

25. The aforementioned conduct by, **Unknown Repossession Agency,** by and through its agents, apparent agents, servants, and/or employees, and **Unknown Repossession Agents,** individually, and as agents, apparent agents, servants, and/or employees of **Unknown Repossession Agency,** violated the Fair Debt Collections Practices Act, as aforesaid.

## COUNT I

### Plaintiffs v. Unknown Repossession Company and Unknown Repossession Agents
### Fair Debt Collections Practices Act

1-25. **Alisa** restates and re-alleges paragraphs 1-25 of the common counts, as and for paragraphs 1-25 of Count I, as though fully set forth herein.

26. As a direct and proximate result of **Unknown Repossession Company's** violations of the FDCPA as aforesaid, by and through the conduct of **Unknown Repossession Agents**, **Alisa** suffered injuries of a personal and pecuniary nature, as aforesaid.

27. As a result of **Unknown Repossession Company's,** and **Unknown Repossession Agents'** violations of the FDCPA, as aforesaid, **Alisa** is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per incident pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from **Unknown Repossession Company**; **Unknown Repossession Agents;** and each of them.

**WHEREFORE**, **Alisa** prays that judgment be entered against **Unknown Repossession Company** and **Unknown Repossession Agents,** and each of them, and in favor of **Alisa**:

a. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
b. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
c. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and
d. for any other such further relief as may be just and proper.

### COUNT II

**Plaintiffs v. Defendant CAC; Unknown Repossession Company; and Unknown Repossession Agents**
**Violation of 810 ILCS 5/9-609(b)(2)**

1-25. **Alisa** restates and re-alleges paragraphs 1-25 of the common counts, as and for paragraphs 1-25 of Count II, as though fully set forth herein.

26. As a direct and proximate result of **Defendants'** violations of 810 ILCS 5/9-609(b)(2) as aforesaid, **Alisa** suffered injuries of a personal and pecuniary nature, as aforesaid.

27. As a result of **Defendants'** violations of 810 ILCS 5/9-609(b)(2), as aforesaid, **Alisa** is entitled to actual damages, statutory damages, and reasonable attorney's fees and costs, from each and every **Defendant** herein.

**WHEREFORE**, **Alisa** prays that judgment be entered against **Defendant CAC, Unknown Repossession Company**; and **Unknown Repossession Agents,** and each of them, and in favor of **Alisa:**

a. for an award of actual damages, pursuant to 810 ILCS 5/9-625;
b. for an award of statutory damages, pursuant to 810 ILCS 5/9-625;
c. for an award of costs of litigation and reasonable attorney's fees pursuant to 810 ILCS 5/9-625; and
d. for any other such further relief as may be just and proper.

## COUNT III
## Plaintiff v. CAC
## Negligence

1-25. **Alisa** restates and re-alleges paragraphs 1-25, as and for paragraphs 1-25 of Count III, as though fully set forth herein.

26. At all times relevant, **CAC**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Repossession Company's** repossession agents were likely to breach the peace when repossessing a vehicle from **Alisa** and others, at the time it hired **Unknown Repossession Agency**.

27. At all times relevant, **CAC** had a duty to exercise due care in the hiring, retention, and supervision of the repossession agencies in its employ.

28. Notwithstanding the aforesaid duty, **CAC**, by and through its agents, apparent agents, servants, and or employees breached their duty in one or more of the following ways:

    a. Carelessly and negligently hired **Unknown Repossession Company**;
    b. Carelessly and negligently retained **Unknown Repossession Company**; and
    c. Carelessly and negligently, failed to properly supervise **Unknown Repossession Company**.

29. As a direct and proximate result of the aforementioned actions and/or omissions, **Unknown Repossession Company** violated the FDCPA and 810 ILCS 5/9-609(b)(2) as aforesaid, while attempting to repossess **Alisa's** vehicle.

30. As a direct and proximate result of the aforementioned actions and/or omissions, **Alisa** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

**WHEREFORE**, **Plaintiff** prays that judgment be entered against **CAC**, and in favor of **Alisa**:

    a. for an award of actual damages;
    b. for an award of costs of suit; and
    c. for any other such further relief as may be just and proper.

## COUNT IV
## Plaintiff v. CAC
## **Willful, Wanton Behavior**

1-25. **Alisa** restates and re-alleges paragraphs 1-25 of the common counts, as and for paragraphs 1-25 of Count IV, as though fully set forth herein.

26. At all times relevant, **CAC**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Repossession Company's** repossession agents were likely to breach the peace when repossessing a vehicle from **Alisa** and others, at the time it hired **Unknown Repossession Company**.

27. At all times relevant, **CAC** had a duty to exercise due care in the hiring, retention, and supervision of the repossession agencies in its employ.

28. Notwithstanding the aforesaid said duty, in conscious disregard to, and in utter disregard for the rights of those it was attempting to repossess from, including **Plaintiff**, **CAC**, by and through its agents, apparent agents, servants, and or employees acted willfully and wantonly in one or more of the following ways:

    a. Willfully and wantonly hired **Unknown Repossession Company**;
    b. Willfully and wantonly retained **Unknown Repossession Company**; and
    c. Willfully and wantonly failed to properly supervise **Unknown Repossession Company**.

29. As a direct and proximate result of the aforementioned actions and/or omissions, **Unknown Repossession Agents** violated the FDCPA and 810 ILCS 5/9-609(b)(2) as aforesaid, while attempting to repossess **Alisa's** vehicle

30. As a direct and proximate result of the aforementioned actions and/or omissions, **Alisa** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

**WHEREFORE**, **Plaintiff** prays that judgment be entered against **CAC**, and in favor of **Alisa**:

    a. for an award of actual damages;
    b. for an award of punitive damages;
    c. for an award of costs of suit; and

    d.  for any other such further relief as may be just and proper.

## COUNT V
### Plaintiff v. Unknown Repossession Company
### Negligence

1-25.  **Alisa** restates and re-alleges paragraphs 1-25, as and for paragraphs 1-25 of Count V, as though fully set forth herein.

26.  At all times relevant, **Unknown Repossession Company**, by and through its agents, servants, and/or employees, knew, or should have known, **Unknown Repossession Agents** were likely to breach the peace when repossessing a vehicle from **Alisa** and others, at the time it hired **Unknown Repossession Agents**.

27.  At all times relevant, **Unknown Repossession Company** had a duty to exercise due care in the hiring, training, retention, and supervision of the repossession agencies in its employ.

28.  Notwithstanding the aforesaid duty, **Unknown Repossession Company**, by and through its agents, apparent agents, servants, and or employees breached their duty in one or more of the following ways:

    a.  Carelessly and negligently hired **Unknown Repossession Agents**;

    b.  Carelessly and negligently trained **Unknown Repossession Agents**;

    c.  Carelessly and negligently retained **Unknown Repossession Agents**; and

    d.  Carelessly and negligently, failed to properly supervise **Unknown Repossession Agents**.

29.  As a direct and proximate result of the aforementioned actions and/or omissions, **Unknown Repossession Agents** violated the FDCPA and 810 ILCS 5/9-609(b)(2) as aforesaid, while attempting to repossess **Alisa's** vehicle.

30.  As a direct and proximate result of the aforementioned actions and/or omissions, **Alisa** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

**WHEREFORE**, **Plaintiff** prays that judgment be entered against **Defendant, Unknown Repossession Company**, and in favor of **Alisa**:

  a. for an award of actual damages;

  b. for an award of costs of suit; and

  c. for any other such further relief as may be just and proper.

## COUNT VI
### Plaintiff v. Unknown Repossession Company
### Willful, Wanton Behavior

1-25. **Alisa** restates and re-alleges paragraphs 1-25, as and for paragraphs 1-25 of Count V, as though fully set forth herein.

26. At all times relevant, **Unknown Repossession Company**, by and through its agents, servants, and/or employees, knew, or should have known, **Unknown Repossession Agents** were likely to breach the peace when repossessing a vehicle from **Alisa** and others, at the time it hired **Unknown Repossession Agents**.

27. At all times relevant, **Unknown Repossession Company** had a duty to exercise due care in the hiring, training, retention, and supervision of the repossession agencies in its employ.

28. Notwithstanding the aforesaid said duty, in conscious disregard to, and in utter disregard for the rights of those it was attempting to repossess from, including **Alisa**, **Unknown Repossession Company**, by and through its agents, apparent agents, servants, and or employees acted willfully and wantonly in one or more of the following ways:

  a. Willfully and wantonly hired **Unknown Repossession Agents**;

  b. Willfully and wantonly failed to properly train **Unknown Repossession Agents**;

  c. Willfully and wantonly retained **Unknown Repossession Agents**; and

  d. Willfully and wantonly failed to properly supervise **Unknown Repossession Agents**.

29. As a direct and proximate result of the aforementioned actions and/or omissions, **Unknown Repossession Agents** violated the FDCPA and 810 ILCS 5/9-609(b)(2) as aforesaid, while attempting to repossess **Alisa's** vehicle.

30. As a direct and proximate result of the aforementioned actions and/or omissions, **Alisa** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

**WHEREFORE**, **Plaintiff** prays that judgment be entered against **Unknown Repossession Company**, and in favor of **Alisa**:

    a. for an award of actual damages;
    b. for an award of punitive damages;
    c. for an award of costs of suit; and
    d. for any other such further relief as may be just and proper.

Respectfully Submitted,

/s/Christian D. Elenbaas
Christian D. Elenbaas
ARDC 6291530

Robert J. Semrad & Associates, L.L.C.
*Attorneys for Plaintiff*
20 S. Clark St., 28th Floor
Chicago, Illinois 60603
Ph 312-913-0625 ext. 170
Fax 312-476-8530