**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Alisa Smith,<br><br>Plaintiff,<br>v.<br><br>Credit Acceptance Corporation, a Michigan Corporation; Unknown Repossession Company, Individually, and as Agent, Apparent Agent, Servant, and/or Employee of Credit Acceptance Corporation; and Unknown Repossession Agents, Individually, and as Agents, Apparent Agents, Servants, and/or Employees of Unknown Repossession Company,<br>Defendants. | ) | Case No.: 10-cv-07487<br><br>Judge Marvin E. Aspen |

**CREDIT ACCEPTANCE CORPORATION'S AMENDED ANSWER TO COMPLAINT**

Pursuant to the Court's Order dated August 8, 2011 [Doc. 36], Defendant Credit Acceptance Corporation ("Credit Acceptance"), a Michigan Corporation, by and through its attorneys, Anna-Katrina S. Christakis and Danielle M. Kays (Grady Pilgrim Christakis Bell LLP, of counsel), amends its answer to Plaintiff's Complaint as follows:

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and this Court's supplementary jurisdiction powers. Venue is proper as the actions that give rise to this complaint occurred, Plaintiffs [sic] reside, and Defendants conduct business within this District.

**ANSWER:** Credit Acceptance admits that the Court has subject matter jurisdiction in this case. Credit Acceptance further admits that it conducts business within this District. Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residency and therefore, on that basis, denies that allegation.

**PARTIES**

2. Plaintiff, Alisa Smith (hereinafter "Alisa"), is a natural person, a citizen of the City of DuPont, County of Pierce, State of Washington, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

**ANSWER:** Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, on that basis, denies the allegations.

3. Defendant, Credit Acceptance Corporation, (hereinafter "CAC") is a Michigan Corporation conducting business in the County of Cook, State of Illinois, and United States of America and is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4).

**ANSWER:** Credit Acceptance only admits that it conducts business in the County of Cook, State of Illinois. Credit Acceptance states that to the extent the allegations set forth in Paragraph 3 constitute legal conclusions of the pleader, no response is required. By way of further answer, Credit Acceptance denies any allegation of fact or inference of fact or law that in any way suggests that Credit Acceptance is somehow liable to Plaintiff and, to the extent Plaintiff's allegations in any manner deviate from the law, such allegations are denied.

4. Defendant, Unknown Repossession Company, is corporate entity that conducts business in the Northern District of the State of Illinois, and United States of America and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**ANSWER:** Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph and therefore, on that basis, denies those allegations. Credit Acceptance further states that to the extent the allegations set forth in Paragraph 4 constitute legal conclusions of the pleader, no response is required. Credit Acceptance denies any allegation of fact or inference of fact or law that in any way suggests that

Credit Acceptance is somehow liable to Plaintiff and, to the extent Plaintiff's allegations in any manner deviate from the law, such allegations are denied.

5. At all times relevant, Defendant, Unknown Repossession Company, was the agent, apparent agent, servant, and/or employee of Defendant, CAC, and was acting the due course and scope of said agency, servitude, and/or employment.

**ANSWER:** Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, on that basis, denies the allegations.

6. Defendants, Unknown Repossession Agents, are each natural persons who conduct business in the Northern District of the State of Illinois, and United States of America and are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**ANSWER:** Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations of this paragraph and therefore, on that basis, denies those allegations. Credit Acceptance further states that to the extent the allegations set forth in Paragraph 4 constitute legal conclusions of the pleader, no response is required. Credit Acceptance denies any allegation of fact or inference of fact or law that in any way suggests that Credit Acceptance is somehow liable to Plaintiff and, to the extent Plaintiff's allegations in any manner deviate from the law, such allegations are denied.

7. At all times relevant, Defendants, Unknown Repossession Agents, were the agents, apparent agents, servants, and/or employees of Defendant, Unknown Repossession Company and were each acting in the due course and scope of said agency, servitude, and/or employment.

**ANSWER:** Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, on that basis, denies the allegations.

**FACTUAL ALLEGATIONS**

8. Prior to 2009, Alisa purchased a motor vehicle, to wit, a 2002 Hyundai Santa Fe, by taking out a consumer auto loan, secured by said vehicle.

**ANSWER**: Credit Acceptance admits that plaintiff purchased a 2002 Hyundai Santa Fe through a retail installment contract, which provided to the holder of the contract a security interest in the vehicle. Credit Acceptance denies the remaining allegations of this paragraph.

9. Upon information and belief, said auto loan was sold or otherwise transferred to CAC.

**ANSWER**: Credit Acceptance admits only that the retail installment contract was assigned to it. Credit Acceptance denies as untrue any allegation of fact or inference of fact or law not explicitly admitted in this paragraph.

10. In 2009, Alisa became delinquent on payments on said auto loan.

**ANSWER**: Credit Acceptance admits the allegations of this paragraph.

11. In November, 2009, Alisa resided in the Village of Antioch, County of Lake, State of Illinois.

**ANSWER**: Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, on that basis, denies the allegations.

12. In November, 2009, Alisa resided with her sister and brother-in-law, who owned the residence.

**ANSWER**: Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, on that basis, denies the allegations.

13. On November 20, 2009, an Unknown Repossession Agent approached Alisa outside of her residence and stated that she was there to take possession of said vehicle.

**ANSWER:** Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, on that basis, denies the allegations.

14. When Alisa indicated that she would like to speak to her attorneys about the matter, Unknown Repossession Agent called her alleged superior on her cell phone and handed it to Alisa.

**ANSWER:** Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, on that basis, denies the allegations.

15. Said alleged supervisor told Alisa that the county sheriff was going to be contacted, that charges would be filed against her, and that she would go to jail if she did not relinquish possession of the vehicle.

**ANSWER:** Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, on that basis, denies the allegations.

16. Thereafter, said Unknown Repossession Agent told Alisa that she knew someone Alisa could easily work with and with whom an agreement could be reached to bring the debt current and stop the repossession process, but that Alisa had twenty- four hours to work this out before she would be in legal trouble.

**ANSWER:** Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, on that basis, denies the allegations.

17. On November 21, 2009, a [sic] two Unknown Repossession Agents came to Alisa's residence while she was not present.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

18. On said date, one of said Unknown Repossession Agent spoke to Alisa's brother-in-law, in front of the residence, and reiterated that Alisa would be arrested by the sheriff if she did not relinquish possession of said vehicle.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

19. Upon briefly entering the residence, Alisa's brother-in-law heard a loud sound, returned to the front of the residence, and discovered that one Unknown Repossession Agent had kicked and dented the garage door.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

20. On multiple occasions thereafter, in November 2009, while Alisa was at said residence, Unknown Repossession Agents came to said residence, banged loudly on the door and yelled such that the neighbors could hear them, in an effort to repossess said vehicle.

**ANSWER:** Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, on that basis, denies the allegations.

21. Due to said incidents with said Unknown Repossession Agents, Alisa's brother-in-law forced Alisa to move out of said residence.

**ANSWER:** Credit Acceptance lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore, on that basis, denies the allegations.

22. As a direct and proximate result of the aforementioned actions, Alisa suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

23. The aforementioned conduct by Defendant CAC, by and through its agent, apparent agent, servant, and/or employee, Unknown Repossession Agency; Unknown Repossession Agency by and through its agents, apparent agents, servants, and/or employees; and Unknown Repossession Agents, individually, and as agents, apparent agents, servants, and/or employees of Unknown Repossession Agency, constituted a "breach of the peace" in violation of 810 ILCS 5/9-609(b)(2).

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

24. As a result of said breach of the peace, Defendants did not have a present right to possession of the vehicle.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

25. The aforementioned conduct by, Unknown Repossession Agency, by and through its agents, apparent agents, servants, and/or employees, and Unknown Repossession Agents, individually, and as agents, apparent agents, servants, and/or employees of Unknown Repossession Agency, violated the Fair Debt Collections Practices Act, as aforesaid.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

**COUNT I**
**Plaintiffs v. Unknown Repossession Company** and **Unknown Repossession Agents**
**Fair Debt Collections Practices Act**

This Count is not directed at Credit Acceptance CAC and so no response is required of it.

**COUNT II**
**Plaintiffs v. Defendant CAC; Unknown Repossession Company; Unknown Repossession Agents**
**Violation of 810 ILCS 5/9-609(b)(2)**

1-25. Alisa restates and re-alleges paragraphs 1-25 of the common counts, as and for paragraphs 1-25 of Count II, as though fully set forth herein.

**ANSWER:** Credit Acceptance restates and re-alleges its answers to paragraphs 1-25 as if fully set forth herein.

26. As a direct and proximate result of Defendants' violations of 810 ILCS 5/9-609(b)(2) as aforesaid, Alisa suffered injuries of a personal and pecuniary nature, as aforesaid.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

27. As a result of Defendants' violations of 810 ILCS 5/9-609(b)(2), as aforesaid, Alisa is entitled to actual damages, statutory damages, and reasonable attorney's fees and costs, from each and every Defendant herein.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

**COUNT III**
**Plaintiff v. CAC**
**Negligence**

1-25. Alisa restates and re-alleges paragraphs 1-25, as and for paragraphs 1-25 of Count III, as though fully set forth herein.

**ANSWER:** Credit Acceptance restates and re-alleges its answers to paragraphs 1-25 as if fully set forth herein.

26 [sic]. At all times relevant, CAC, by and through its agents, servants, and/or employees, knew, or should have known, that Unknown Repossession Company's repossession agents were likely to breach the peace when repossessing a vehicle from Alisa and others, at the time it hired Unknown Repossession Agency.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

27 [sic]. At all times relevant, CAC had a duty to exercise due care in the hiring, retention, and supervision of the repossession agencies in its employ.

**ANSWER:** Credit Acceptance admits that it had only those duties imposed on it by statute and common law, and denies the remaining allegations of this paragraph.

28 [sic]. Notwithstanding the aforesaid duty, CAC, by and through its agents, apparent agents, servants, and or employees breached their duty in one or more of the following ways:

a. Carelessly and negligently hired Unknown Repossession Company;

b. Carelessly and negligently retained Unknown Repossession Company;

c. Carelessly and negligently, failed to properly supervise Unknown Repossession Company.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

29 [sic]. As a direct and proximate result of the aforementioned actions and/or omissions, Unknown Repossession Company violated the FDCPA and 810 ILCS 5/9-609(b)(2) as aforesaid, while attempting to repossess Alisa's vehicle.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

30 [sic]. As a direct and proximate result of the aforementioned actions and/or omissions, Alisa suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

**COUNT IV**
**Plaintiff v. CAC**
**Willful, Wanton Behavior**

1-25. Alisa restates and re-alleges paragraphs 1-25 of the common counts, as and for paragraphs 1-25 of Count IV, as though fully set forth herein.

**ANSWER:** Credit Acceptance restates and re-alleges its answers to paragraphs 1-25 as if fully set forth herein.

26 [sic]. At all times relevant, CAC, by and through its agents, servants, and/or employees, knew, or should have known, that Unknown Repossession Company's repossession agents were likely to breach the peace when repossessing a vehicle from Alisa and others, at the time it hired Unknown Repossession Company.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

27 [sic]. At all times relevant, CAC had a duty to exercise due care in the hiring, retention, and supervision of the repossession agencies in its employ.

**ANSWER:** Credit Acceptance admits that it had only those duties imposed on it by statute and common law, and denies the remaining allegations of this paragraph.

28 [sic]. Notwithstanding the aforesaid said duty, in conscious disregard to, and in utter disregard for the rights of those it was attempting to repossess from, including Plaintiff, CAC, by and through its agents, apparent agents, servants, and or employees acted willfully and wantonly in one or more of the following ways:

a. Willfully and wantonly hired Unknown Repossession Company;

b. Willfully and wantonly retained Unknown Repossession Company; and

c. Willfully and wantonly failed to properly supervise Unknown Repossession Company.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

29 [sic]. As a direct and proximate result of the aforementioned actions and/or omissions, Unknown Repossession Agents violated the FDCPA and 810 ILCS 5/9-609(b)(2) as aforesaid, while attempting to repossess Alisa's vehicle.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

30 [sic]. As a direct and proximate result of the aforementioned actions and/or omissions, Alisa suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

**COUNT V**
**Plaintiff v. Unknown Repossession Company**
**Negligence**

1-25. Alisa restates and re-alleges paragraphs 1-25, as and for paragraphs 1-25 of Count V, as though fully set forth herein.

**ANSWER:** Credit Acceptance CAC restates and re-alleges its answers to paragraphs 1-25 as if fully set forth herein.

26 [sic]. At all times relevant, Unknown Repossession Company, by and through its agents, servants, and/or employees, knew, or should have known, Unknown Repossession Agents were likely to breach the peace when repossessing a vehicle from Alisa and others, at the time it hired Unknown Repossession Agents.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

27 [sic]. At all times relevant, Unknown Repossession Company had a duty to exercise due care in the hiring, training, retention, and supervision of the repossession agencies in its employ.

**ANSWER:** Credit Acceptance admits that it had only those duties imposed on it by statute and common law, and denies the remaining allegations of this paragraph.

28 [sic]. Notwithstanding the aforesaid duty, Unknown Repossession Company, by and through its agents, apparent agents, servants, and or employees breached their duty in one or more of the following ways:

a. Carelessly and negligently hired Unknown Repossession Agents;

b. Carelessly and negligently trained Unknown Repossession Agents;

c. Carelessly and negligently retained Unknown Repossession Agents; and

d. Carelessly and negligently, failed to properly supervise Unknown Repossession Agents.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

29 [sic]. As a direct and proximate result of the aforementioned actions and/or omissions, Unknown Repossession Agents violated the FDCPA and 810 ILCS 5/9-609(b)(2) as aforesaid, while attempting to repossess Alisa's vehicle.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

30 [sic]. As a direct and proximate result of the aforementioned actions and/or omissions, Alisa suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

**ANSWER:** Credit Acceptance denies the allegations of this paragraph.

**COUNT VI**
**Plaintiff v. Unknown Repossession Company**
**Willful, Wanton Behavior**

This Count is not directed at Credit Acceptance and so no response is required of it.

WHEREFORE, Defendant Credit Acceptance Corporation requests that this Court enter judgment in its favor and against plaintiff, plus award it its cost and attorney's fees, and any other relief the Court deems just and appropriate.

Respectfully Submitted,

Credit Acceptance Corporation

By: s/ Danielle M. Kays
One of its Attorneys

Anna-Katrina S. Christakis (#6242675)
Danielle M. Kays (#6284321)
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard
Suite 1515
Chicago, Illinois 60604
Phone: (312) 939-0920
Fax: (312) 939-0983

**CERTIFICATE OF SERVICE**

      Danielle M. Kays, an attorney, certifies that on August 19, 2011, she electronically filed the foregoing **Defendant Credit Acceptance Corporation's Amended Answer to Complaint** with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants:

Christian Elenbaas
Robert J. Semrad & Associates
205 S. Clark, Suite 2800
Chicago, IL  60603
celenbaas@robertjsemrad.com


                          s/ Danielle M. Kays